IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

RASHAAN VAUGHN,

      Plaintiff,

v.          CIVIL ACTION NO. 7:17-cv-00478

COMMONWEALTH OF VIRGINIA,

      Defendant.

## JOINT RULE 26(f) PLAN

Plaintiff, Rashaan Vaughn, and Defendant Commonwealth of Virginia ("DVS") (collectively, "Parties") submit their Joint Rule 26(f) Plan as follows:

**I.** **Meeting of the Parties:** Pursuant to Federal Rule of Civil Procedure 26(f), the Parties, by counsel, commenced on Monday, January 8, 2018, a conference to (i) consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case; (ii) make and arrange for the disclosures required by Rule 26(a)(1); (iii) discuss any issues about preserving discoverable information; and (iv) develop a proposed discovery plan. The parties hereby state that all of the items required to be discussed by Rule 26(f) were discussed. The conference was conducted by telephone and was attended by:

| | |
|---|---|
| Ryan S. Hardy, Esquire | Brittany Haddox, Esquire |
| Sarah F. Robb, Esquire | Terry Grimes, Esquire |
| Counsel for the Defendant | Counsel for Plaintiff |

**II.** **Nature and basis of claims and defenses and the possibilities for promptly settling or resolving the case.**

The Parties have discussed the general nature and basis of each other's claims and defenses. Prompt resolution of the claims does not appear attainable at this time.

**III.     Discovery Plan**

During the conference, the Parties developed and now respectfully submit to this Court a proposed discovery plan that indicates the Parties' views and proposals concerning the following:

**A.  Changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made:**

The Parties agree to adhere to the Court's Scheduling Order with respect to the Rule 26(a)(1) pretrial disclosures, once entered. Should modification of the deadlines for Pretrial Disclosures become necessary, the Parties will discuss and modify the agreement in good faith.

**B.  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The Parties agree to comply with the specific limitations on discovery set forth in Rule 26(b). Should there be a need for relief from this directive, the Parties will be required to confer in good faith to resolve any disputes before making a showing to the Court.

**C.  Issues about disclosure, discovery or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties agree to comply with the specific limitations on electronically stored information, including scope and form of production, set forth in Rule 26(b)(2)(B). In addition, the Parties have agreed that all necessary steps have been taken to preserve electronically stored information, including social media, text messages, electronic mail, and documents.

**D.  Issues about claims of privilege or of production as trial preparation materials, including - whether to ask the Court to include their agreement in an order.**

The Parties seek no additional changes to the requirements set forth regarding claims of privilege imposed under Rule 26(b)(5).

E. **Changes that should be made in the limitations on discovery imposed under these rules or by local rule, and other limitations that should be imposed.**

The Parties seek no additional changes on the limitations on discovery imposed under Rule 26 or local rules.

F. **Other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The Parties agree to a Protective Order, attached hereto, for approval and entry by the Court in accordance with Rule 26(c). Any further considerations will be addressed in the Court's Scheduling Order. The Parties are not aware of any other Orders that are necessary at this time.

IV. **Additional Agreements**

In addition to the Proposed Discovery Plan outlined above, the Parties agree to waive U.S. mail service and consent to electronic mail service among parties, when there is not ECF with the Clerk. The Parties may rely on postal mail if the need arises and upon reasonable notification to opposing counsel.

AGREED:

_____/s/_____   _____/s/_____
Terry N. Grimes, Esq. (VSB No. 24127)   Ryan Spreague Hardy, Esq. (VSB No. 78558)
Brittany Haddox, Esq. (VSB No. 86416)   Assistant Attorney General
GRIMES AND HADDOX, P.C.   Sarah Flynn Robb, Esq.
320 Elm Avenue, SW   Assistant Attorney General
Roanoke, Virginia 24016-4001   Office of the Attorney General
(540) 982-3711   202 North 9th Street
(540) 345-6572 (facsimile)   Richmond, Virginia 23219
tgrimes@terryngrimes.com   (804) 786-0969
bhaddox@terryngrimes.com   (804) 371-2087 (facsimile)
**Counsel for the Plaintiff**   rhardy@oag.state.va.us
　　　　　　　　　　　　　　　　　srobb@oag.state.va.us
　　　　　　　　　　　　　　　　　**Counsel for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that, on this <u>18th</u> day of <u>January</u>, <u>2018</u>, the foregoing **JOINT RULE 26(f) PLAN** was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF), to the following:

       Terry N. Grimes, Esq. (VSB No. 24127)
       Brittany Haddox, Esq. (VSB No. 86416)
       GRIMES AND HADDOX, P.C.
       320 Elm Avenue, SW
       Roanoke, Virginia 24016-4001
       (540) 982-3711
       (540) 345-6572 (facsimile)
       tgrimes@terryngrimes.com
       bhaddox@terryngrimes.com
       **Counsel for the Plaintiff**


By:    _____/s/_____
       Ryan Spreague Hardy
       Assistant Attorney General
       Virginia Bar Number: 78558
       Counsel for Defendant
       Office of the Attorney General
       202 North Ninth Street
       Richmond, Virginia 23219
       Telephone: (804) 786-0969
       Fax: (804) 371-2087
       E-mail: rhardy@oag.state.va.us